UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ALLAN BAILEY
*also known as*
Ibraheem Abdul-Muhaimeen,

      Plaintiff,

v.                                  Case No. 8:26-cv-1932-TPB-LSG

HILLSBOROUGH COUNTY
DETENTION SERVICES and
SMART COMMUNICATIONS, LLC,

      Defendants.
_____/

## ORDER

James Allan Bailey, a pretrial detainee in the Falkenburg Road Jail,[1] files a *pro se* Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 1) and an application to proceed *in forma pauperis* (Doc. 2). The motions are not supported by a complaint. Upon receipt of the motions, the Clerk opened this federal civil rights action under 42 U.S.C. § 1983.

---

[1] Judicially noticed records show that Bailey was charged with burglary of an unoccupied dwelling and grand theft from a dwelling. *State v. Bailey*, No. 2026-CF-005091 (Fla. 13th Jud. Cir.). He was arrested March 30, 2026, and booked into the Falkenburg Road Jail on April 21, 2026. *See* Hillsborough Online Viewing of Electronic Records at https://hover.hillsclerk.com (last accessed July 7, 2026).

Bailey states that he is a practicing Sunni Muslim and argues that the defendants, Hillsborough County Detention Services and Smart Communications, LLC, "have imposed policies and practices that substantially burden [his] religious exercise while simultaneously providing preferential treatment to Christian religious materials and programming." (Doc. 1 at 2) He argues that defendants' actions violate his rights secured by the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First and Fourteenth Amendments.

First, Bailey argues that he has been denied meaningful access to the Qur'an. He claims that the only Islamic religious text available is an electronic version of the Qur'an, which is partially illegible, and despite his request, the defendants have failed to provide him a legible copy. Additionally, access to the electronic tablet that contains the Qur'an is limited to 8:00 a.m. to 10:30 p.m., but his sincerely held religious beliefs require access to the Qur'an beyond these hours. By contrast, according to Bailey, inmates over 55 years old may access a physical copy of Christian material.

Next, Bailey argues that he has been denied use of a religious head covering, or Kufi. According to Bailey, the defendants' policy permits use of a Kufi only when the detainee is arrested while wearing a Kufi, and his request for a Kufi was denied.

Third, Bailey argues that free Christian religious programming is available on Pando, an application on inmate tables provided by Smart Communications, LLC, while comparable Islamic religious programming is unavailable on Pando. He further argues that Pando "contains derogatory statements regarding Islam and the Prophet Muhammad." (*Id*. at 4.)

Bailey moves the Court to enter a temporary restraining order and preliminary injunction directing Defendants (1) to provide him with a physical copy of the Qur'an, (2) to permit him to possess and wear a Kufi, (3) to provide meaningful access to Islamic religious literature comparable to that provided for Christian inmates, (3) to cease policies that favor one religion over another, and (4) to remove anti-Islamic material from the inmates' access.

"'A district court may grant a preliminary injunction only if the moving party establishes that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer an irreparable injury unless the injunction is granted; (3) the harm from the threatened injury outweighs the harm the injunction would cause the opposing party; and (4) the injunction would not be adverse to the public interest.'" *Wood v. Fla. Dep't Educ.*, 142 F.4th 1286, 1289 (11th Cir. 2025) (quoting *Gonzalez v. Governor of Ga.*, 978 F. 3d 1266, 1270–71 (11th Cir. 2020)). "The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo

until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Shiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005).

"A preliminary injunction is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion' to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). Thus, "[e]ven if the movant establishes a substantial likelihood of success on the merits, his failure to establish irreparable injury 'would, standing alone, make preliminary injunctive relief improper.'" *Windsor v. United States*, 379 F. App'x 912, 915–16 (11th Cir. 2010) (quoting *Seigel*, 234 F. 3d at 1176). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Windsor*, 379 F. App'x at 915–16 (quoting *Siegel*, 234 F.3d at 1176).

Bailey has not properly commenced this civil action and therefore has not shown a substantial likelihood of success on the merits because he neglects to support his motion with a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Local Rule 6.04(a)(3) requires "a pro se person in custody . . . to use the standard form—available without charge from the clerk and on the court's website—to file . . . a 42 U.S.C. § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a governmental official." The standard prisoner civil rights complaint form requires a plaintiff to provide detailed information regarding

4

the defendants, a statement of the claims, a statement regarding the exhaustion of administrative remedies, and a statement regarding whether the plaintiff has filed previous lawsuits on the same allegations. Even generously construing Bailey's motion, he has not provided the Court with all the information required by the standard prisoner civil rights complaint form to initiate a civil rights action.

Additionally, Bailey neglects to comply with the Federal Rules of Civil Procedure or the Local Rules of this Court, which require him to provide notice to affected parties or establish that notice is not required, to support his motion with an affidavit or verified complaint, and to include a proposed order. Fed. R. Civ. P. 65(a)(1), (b)(1); Local Rules 6.01, 6.02. Bailey's *pro se* status does not excuse him from compliance.

Bailey has not shown that he will suffer an immediate, irreparable injury if relief is not granted. Bailey does not state how long he has been a practicing Sunni Muslim; but, publicly-available records show that he was arrested in March 2026 and booked into the Falkenburg Road Jail in April 2026. Thus, construing his arguments generously, Bailey has been subject to the policies and practices that allegedly substantially burden his religious exercise for months.

"A delay in seeking a preliminary injunction of even only a few months . . . militates against" finding imminent irreparable harm. *Wreal*, 840 F.3d at

1248. Because a preliminary injunction "is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits," many courts "have found that party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm." *Id*. (collecting cases). Bailey offers no explanation for his months-long delay in seeking preliminary injunctive relief. Nor does he allege facts showing that the Jail's policies and practices will cause him immediate and irreparable harm if the "extraordinary" and "drastic" remedy of preliminary injunctive relief is not provided now. *See id*. at 1247.

Accordingly, Bailey's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 1) is **DENIED WITHOUT PREJUDICE**. His application to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case. The Clerk is directed to send Bailey a standard civil rights complaint form, which he may use to file a new action.

DONE and ORDERED in Chambers in Tampa, Florida, this 8th day of July, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**